Rockingham, June 5, 1945. No. 3542.

HERBERT L. GRINNELL, *Trustee v.* THOMAS F. O'BRIEN *& a.*

*Grinnell & Grinnell,* for the plaintiff, filed no brief.

*Edwin B. Weston,* for the defendants, filed no brief.

PAGE, J.   The first question presented is whether the trust as to five-sixths of the income terminated with the death of Anna L. Churchill.   As to one-sixth, the provision of the will is clear that after the decease of Samuel Brown's widow the income should be paid "to his issue by her in equal shares annually to them or their representatives as long as any of his children shall live."   The trust was to terminate only with the death of the last surviving child of Samuel and Helen Brown.   Since Caroline W. Johnson is issue of Samuel and Helen, she is a beneficiary of the trust as to one-sixth, and that trust cannot terminate until her death, unless by the operation of the rule against perpetuities.

As to the other four-sixths no difficulty could arise except for the fact that Samuel Brown had only four children when Sylvanus made his will.   The will provided that "four sixths of said interest shall be paid semiannually to my son Samuel Brown by him to be used for the benefit of each of his children respectively" till they were twenty-one or married, and then "the said respective sixth part of the accruing interest shall be paid to them individually" for their natural lives.   It is clear that Sylvanus did not have in mind the possibility of the birth of a fifth child to Samuel and Helen.   But it is equally clear that the provision as to the other sixth of the income was intended to operate for the equal benefit of all of their children.   The same is true as to Sylvanus' real estate.   By the sixth clause of the will, Sylvanus gave to Samuel the use of the real estate for his life, after that "for the equal use of his children in equal shares," and at the decease of his son's children, the land to go in equal shares "to each legal child or representative of [his] son's children . . . in equal shares to the children at the decease of their father, and at their decease in equal shares to their children respectively, and if they leave no children to their heirs by blood in equal shares."

The word "representatives" has meanings varying in accordance with different contexts. *Conant* v. *Curtiss, ante,* 398. Here the testator willed that the real estate should go to all of Samuel's children equally (and to their children, or, lacking children, to their heirs by blood).   The wish was clear to benefit all of Samuel's children equally during their lives.   Taking all of the provisions of the will into consideration, the controlling wish seems to be that

the "sixth part of the accruing interest" to be paid by the trustee on account of each of Samuel's children indicated no more than the mathematical division on the assumption that Samuel continued to have only four children, while the overall wish was that all the children of Samuel should share equally if they survived their parents. On this interpretation, Caroline is a beneficiary of the trust as to five-sixths of the income, and as to that the trust will not terminate until her decease. Meanwhile, since Hiram F. Brown died without issue, the five-sixths of the income is to be divided into four parts, one for Caroline, one for the descendants of Mary D. O'Brien, one for those of Marcus M. Brown, and one for those of Anna L. Churchill.

The questions propounded concerning the distribution of the corpus of the trust fund at the death of Caroline W. Johnson, namely the right, if any, of her adopted son and the proportions in which the distributees will take, are questions that have not yet arisen and as to which the trustee stands in no need of present advice. When they do arise, they will have to be answered in the first instance by a decree of distribution in the Probate Court. *Podrasnik* v. *Company*, 92 N. H. 65.

*Case discharged.*

All concurred.